UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY DUNHAM, an individual,

    Plaintiff,

v.                            Case No.:

VOLTAIRE MOTORS, LLC,
a Florida limited liability company and
WIDMAER VOLTAIRE, an individual,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, NANCY DUNHAM ("Plaintiff"), an individual, brings the following actions against VOLTAIRE MOTORS, LLC, a Florida limited liability company ("VM"), and WIDMAER VOLTAIRE, an individual ("VOLTAIRE") (collectively referred to as "Defendants") and states:

## GENERAL ALLEGATIONS

2. This is an action based on a federal question: a claim for failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as well as supplemental claims under Florida law for civil theft, breach of covenant of good faith and fair dealing, and violation of Florida's Deceptive and Unfair Trade Practices Act, for which this Court has jurisdiction pursuant to 28 U.S.C. § 1367.

3. Plaintiff resides in Pinellas County, Florida.

4. Defendant VM is a Florida limited liability company with its principal place of business in Pompano Beach, Florida.

5. Defendant Voltaire is the owner and President of Defendant VM.

6. Upon information and belief, Defendant Voltaire usurped the assets of Defendant VM for personal use, engaged in waste of VM assets, and/or wrongfully and distributed VM assets without proper consideration for creditors such as Plaintiff, and as a result, Defendant Voltaire should be held personally liable to Plaintiff for damages attributable to Defendant VM.

7. Plaintiff was employed by Defendant VM from February 2019 to December 2020, as an authorized buying representative for Defendants' used car sales business at the "Manheim" wholesale auto auction owned by Cox Automotive, Inc.

8. Plaintiff does not possess a Florida automobile dealer's license and would have been unable to purchase cars from an auction house such as Manheim unless she did so as a representative for a bona fide and licensed automobile dealer.

9. At the beginning of their employment relationship, Plaintiff and Defendant Voltaire entered into an agreement via which Plaintiff would act as an authorized buying representative for Defendant's used car sales business, Defendant Voltaire would train Plaintiff on the used car business, and Defendants would handle the closing of each transaction, including tender of payment to the auction house, transfer of title, and delivery of the vehicles.

10. While working for Defendant VM, Plaintiff's job duties included:

    a. soliciting and finding customers;
    b. working with customers regarding budget and vehicles desired;
    c. vehicle research;
    d. attending auctions and bidding, such as via www.manheim.com;
    e. completion of purchase paperwork and registration;
    f. making arrangements for vehicle delivery.

11. In reliance on her employment agreement with Defendants, Plaintiff worked approximately forty (40) hours on each sales transaction, she sold a total of ten (10) vehicles, and she worked approximately 400 hours for Defendants.

12. For one (1) of the ten (10) vehicles sold by Plaintiff, Defendants failed to complete paperwork required for the transfer of title from the auction house to the buyer, which has prevented the buyer from enjoying ownership of the following car:

> *2014 Audi S5*
> *VIN# WAUCGAFR5EA040366*
> *Plaintiff paid a total of $13,000.00;*

13. For one (1) of the ten (10) vehicles sold by Plaintiff, Defendants failed to complete paperwork required for the transfer of title from the auction house to the buyer, and then made arrangements to have the car towed and/or impounded which has prevented the buyer from enjoying ownership of the following car:

> *2015 Honda Accord Coupe*
> *VIN # 1HGCT2B83FA003854*
> *Plaintiff paid a total of $15,044.00.*

14. For three (3) of the ten (10) vehicles sold by Plaintiff, Plaintiff sent payment funds to Defendants for cars sold by Plaintiff, but Defendants failed to deliver the following automobiles that Plaintiff purchased for her clients:

> a. *2010 Lexus RX350*
> *VIN# JTJ2K1BA4A2404841*
> *Plaintiff paid a total of $7,843.00;*

> b. *2009 Jaguar XF*
> *VIN# SAJWA06B39HR01184*
> *Plaintiff paid a total of $10,000;*

> c. *2014 Mercedes 250*
> *VIN Number Unknown*
> *Plaintiff paid a total of $12,810.00*

15. In addition, Plaintiff did not receive any wages, commissions, or consideration of any kind for the services she rendered to Defendants.

16. On February 1, 2021 and April 21, 2021, Plaintiff, via the undersigned, sent a letter to Defendants demanding payment for hours worked by Plaintiff for

Defendants, and demanded return of the funds tendered by Plaintiff in compliance with Florida law governing civil theft claims.   *See Exhibit A attached.*

17. Defendants received the letter and responded with a statement that "Mr. Voltaire has no business dealings with [Plaintiff]".   *See Exhibit B attached.*

18. Defendants' statement lacks merit because Defendants would have received invoices and statements from the auction house showing Plaintiff's purchases, Defendants did consummate two (2) of Plaintiff's transactions without issue, and the parties exchanged multiple emails regarding their "business dealings", and Defendants accepted payments from Plaintiff.   *See Exhibit C attached.*

19. Although Defendants' letter asserted a defense that Plaintiff's son was engaged in criminal conduct, the allegation is untrue, unfounded, improper and irrelevant to this matter.

20. Any conditions precedent for the claims described below were satisfied.

**COUNT 1:**
**VIOLATION OF FAIR LABOR STANDARDS ACT**

21. Plaintiff re-alleges paragraphs 1 through 20 of this Complaint.

22. This is a civil action for relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"), and brought to recover minimum wage, liquidated damages, costs, and reasonable attorneys' fees.

23. Defendant VM is a covered enterprise under the FLSA.

24. Defendant Voltaire is the owner, member, and officer of Defendant VM with operational control and he acted directly in the interests of VM in relation to Plaintiff's employment, and served as Plaintiff's direct supervisor.

25. As a result, Defendant Voltaire meets the FLSA definition of "employer", and Defendant Voltaire is jointly and severally liable under the FLSA for Plaintiff's damages.

26. At all times relevant to this Complaint, Defendants owned and operated a business engaged in commerce as defined in the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

27. Defendants operated a business that hired employees to purchase used cars from Cox Automotive, Inc. d/b/a Manheim, an international vehicle wholesale marketplace, based in Atlanta, Georgia, the employees sold those used cars to various consumers, and Defendants engaged in transactions, payments, and records processed via the internet and/or interstate mail.

28. Defendants' employees purchased, sold and/or otherwise worked on automobiles that had been moved via interstate commerce.

29. Upon belief, Defendant VM's annual revenue exceeded $500,000.00.

30. In the alternative, Plaintiff is a covered individual under the FLSA.

31. While working for Defendants, Plaintiff directly participated in the purchase of used cars from Cox Automotive, Inc. d/b/a Manheim, an international vehicle wholesale marketplace, based in Atlanta, Georgia, Plaintiff sold those used cars to various consumers, and Plaintiff tendered payment funds for the cars, all via transactions and payments via interstate banking institutions, the internet and/or interstate mail.

32. While working for Defendants, Plaintiff's primary job was the purchase, sale and/or otherwise working on automobiles being moved via interstate commerce.

33. Defendants failed to pay Plaintiff any wages for her work

34. Plaintiff is entitled to back wages at minimum wage in the amount of $8.56 per hour for approximately 400 hours, or $3,424.00.

35. Because Defendants failed to pay Plaintiff ANY wages despite having knowledge of Plaintiff's work, Defendants' actions were intentional, willful and unlawful, and their failure to pay Plaintiff constitutes bad faith.

36. As a result, Plaintiff is entitled to liquidated damages in an amount equal to back wages owed by Defendants in the amount of $3,424.00.

37. Plaintiff retained the undersigned attorney to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

38. In the alternative, Plaintiff relied on Defendants' promises to her detriment and Plaintiff should receive the wages noted above via quantum meruit and/or quasi-contract, and it would be unjust for Defendants to withhold wages after enjoying the efforts and proceeds of Plaintiff's work.

**WHEREFORE,** Plaintiff, NANCY DUNHAM demands judgment against DEFENDANTS, VOLTAIRE MOTORS, LLC, AND WIDMAER VOLTAIRE, jointly and severally, for payment of all hours worked, liquidated damages, pre and post judgment interest, reasonable attorneys' fees and costs of suit, and any further relief this Court deems appropriate.

## COUNT II: BREACH OF CONTRACT

39. Plaintiff re-alleges paragraphs 1 through 20 of this Complaint.

40. This is a supplemental claim for breach of contract under Florida law.

41. Jurisdiction is proper for this supplemental claim under 28 U.S.C. § 1367.

42. At the beginning of their employment relationship, Plaintiff and Defendant Voltaire entered into an agreement via which Plaintiff would act as an authorized buying representative for Defendant's used car sales business, Defendant Voltaire would train Plaintiff on the used car business, and Defendants would handle the closing of each transaction, including tender of payment to the auction house, transfer of title, and delivery of the vehicles.

43. Based on these promises, Plaintiff sold a total of ten (10) cars for Defendants.

44. Defendants breached their contract with Plaintiff because Defendants failed to complete paperwork required for the transfer of title to the buyer for the following car sold by Plaintiff, which has prevented Plaintiff from providing the driveable car she promised to her client:

> *2014 Audi S5*
> *VIN# WAUCGAFR5EA040366*
> *Plaintiff paid a total of $13,000.00;*

45. Defendants breached their contract with Plaintiff because Defendants failed to complete paperwork required for the transfer of title to the buyer for the following car sold by Plaintiff, and Defendants had the car towed and/or impounded, which has prevented Plaintiff from providing the driveable car she promised to her client:

> .  *2015 Honda Accord Coupe*
> *VIN # 1HGCT2B83FA003854*
> *Plaintiff paid a total of $15,044.00.*

46. Defendants breached their contract with Plaintiff because when Plaintiff tendered payment funds for three (3) of the cars she sold in the amount of $30,653.00, Defendants failed to deliver the automobiles to either Plaintiff or her clients.

      a.      2010 Lexus RX350
            VIN# JTJ2K1BA4A2404841
            Plaintiff paid a total of $7,843.00;

      b.      2009 Jaguar XF
            VIN# SAJWA06B39HR01184
            Plaintiff paid a total of $10,000;

      c.      2014 Mercedes 250
            VIN Number Unknown
            Plaintiff paid a total of $12,810.00

47. Plaintiff suffered damages as a result of Defendants' breach of their agreement including lost payment funds

48. In the alternative, Plaintiff relied on Defendants' promises to her detriment and Plaintiff should receive the damages noted above via quantum meruit and/or quasi-contract, and it would be unjust for Defendants to retain payment funds for cars that it failed to deliver and/or constructively failed to delivery to Plaintiff's clients.

**WHEREFORE, Plaintiff**, NANCY DUNHAM, demands judgment against Defendants, VOLTAIRE MOTORS, LLC, AND WIDMAER VOLTAIRE, jointly and severally, for damages including all money tendered by Plaintiff as payment for cars that Defendants failed to deliver, pre and post judgment interest, reasonable attorneys' fees and costs of suit, and any other relief this Court deems appropriate.

## COUNT III:
## FAILURE OF CONSIDERATION

49. Plaintiff re-alleges paragraphs 1 through 20 of this Complaint.

50. This is a supplemental common law claim for failure of consideration.

51. Jurisdiction is proper for this supplemental claim under 28 U.S.C. § 1367.

52. By failing to deliver cars paid for by Plaintiff, Defendants have failed to perform the actions that served as the basis for the contract between the parties

53. Defendants have failed to furnish the consideration agreed to by Plaintiff, because neither Plaintiff nor her clients received cars for which Plaintiff tendered payment.

**WHEREFORE**, Plaintiff, NANCY DUNHAM, demands judgment against Defendants, VOLTAIRE MOTORS, LLC, AND WIDMAER VOLTAIRE, jointly and severally, in the form of rescission of the agreements between the parties, full reimbursement for any and all money paid by Plaintiff to Defendants, pre and post judgment interest, and such further relief that this Court deems appropriate.

## COUNT IV:
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

54. Plaintiff re-alleges paragraphs 1 through 20 of this Complaint.

55. This is a supplemental common law claim for breach of the implied covenant of good faith and fair dealing.

56. Jurisdiction is proper for this supplemental claim under 28 U.S.C. § 1367.

57. Defendant Voltaire violated the implied covenant of good faith and fair dealing as applied to all covenants and promises contained his agreement with Plaintiff.

58. As described above, Defendant Voltaire's conduct did not conform to Plaintiff's reasonable contractual expectations.

59. Plaintiff sold ten (10) cars through and/or for Defendants, and Defendants failed to deliver and/or constructively failed to deliver five (5) of the cars.

60. Plaintiff relied on Defendants' implied promise that Defendants would act in conformity with Florida law governing automobile dealers, and that Defendants would tender the payment funds sent by Plaintiff for purchase of the cars that Plaintiff purchased via Defendants' license.

61. Plaintiff was harmed by Defendants' conduct.

62. Defendants have placed Plaintiff at risk of legal harm and/or liability, and caused Plaintiff's reputation to suffer because she collected money from clients on behalf of Defendant VM, but Defendants failed to deliver the vehicles after receipt of payment.

63. Plaintiff has suffered damages as a result of this breach including but not limited to, loss of over $30,853.00 in money tendered to Defendant, legal liability for two (2) cars that cannot be driven due to title issues, loss of income, and attorney's fees and costs as required to recover the money paid to Defendant.

64. Defendants actions wrongfully interfered with Plaintiff's receipt of her agreement's benefits because Defendants failed to deliver cars Plaintiff bought for her clients.

**WHEREFORE**, Plaintiff NANCY DUNHAM, demands judgment against Defendants, VOLTAIRE MOTORS, LLC, AND WIDMAER VOLTAIRE, jointly and severally, for damages incurred in reliance on the agreement between the parties, and special damages resulting from such breach including, but not limited to, loss of income, loss of livelihood, attorneys fees and costs, and such further relief that this Court deems appropriate to make Plaintiff whole.

**COUNT V:**
**VIOLATION OF FLORIDA DECEPTIVE AND**
**UNFAIR TRADE PRACTICES ACT**

65. Plaintiff re-alleges paragraphs 1 through 20 of this Complaint.

66. The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is intended to protect the consuming public and legitimate business enterprises from

those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

67. FDUTPA is codified in 501.201-213, Florida Statutes, and specifically Section 501.204, Florida Statutes, states that "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."

68. Defendants engaged in deceptive, unfair, and/or unconscionable acts by receiving payment from Plaintiff for cars that they knew or should have known had been sold to clients, and then failing to deliver the cars as agreed.

69. Defendants engaged in deceptive, unfair, and/or unconscionable acts by accepting work hours from Plaintiff and then failing to pay Plaintiff any wages.

**WHEREFORE**, Plaintiff NANCY DUNHAM, demands judgment against Defendants, VOLTAIRE MOTORS, LLC, AND WIDMAER VOLTAIRE, jointly and severally, in the form of recission of the parties' agreement, actual damages in the form of reimbursement and/or refund of all payments Plaintiff made to Defendants pursuant to the parties' agreement, pre and post judgment interest; attorneys' fees and costs of suit as provided by Section 501.211(2), Florida Statutes; and such further relief that this Court deems appropriate.

### COUNT VI:
### CIVIL THEFT

70. Plaintiff re-alleges paragraphs 1 through 19 of this Complaint.

71. This is a supplemental claim for civil theft under Florida law.

72. Jurisdiction is proper for this supplemental claim under 28 U.S.C. § 1367.

73. Plaintiff tendered payment funds in the amount of $30,653.00 to Defendant for car purchases she made via various Manheim auctions as follows:

    a.    2009 Jaguar XF - Plaintiff paid total of $10,000.00
VIN# SAJWA06B39HR01184

| | | |
|---|---|---|
| 9/22/2020 | $6,370.00 | Via Bank of America |
| 9/24/2020 | $3,730.00 | Via Bank of America |

    b.    2014 Mercedes 250- Plaintiff paid total of $12,810.00

| | | |
|---|---|---|
| 9/24/2020 | $1,555.00 | Via Zelle App |
| 9/24/2020 | $2,755.00 | Via Bank of America |
| 9/25/2020 | $6,500.00 | Via Bank of America |
| 9/26/2020 | 2,000.00 | Via Zelle App |

    c.    2010 Lexus RX350 – Plaintiff paid total of $7,843.00
VIN# JTJ2K1BA4A2404841

| | | |
|---|---|---|
| 10/13/2020 | $2,500.00 | Via Zelle App |
| 10/14/2020 | $2,500 .00 | Via Zelle App |
| 10/15/2020 | $2,843.00 | Via Bank of America |

*See Exhibit C attached.*

74. Defendant Voltaire retained payment funds but failed to deliver the above described vehicles with felonious intent to permanently deprive Plaintiff of her money.

75. Plaintiff has been injured because of Defendant's wrongful theft.

76. On February 1, 2021 April 21, 2021, Plaintiff sent Defendants a demand for return of the funds in compliance with compliance with § 772.11, Florida Statutes, which requires a written demand prior to filing a complaint for treble damages. *See Exhibit A attached.*

77. Defendants received the demand on February 2, 2021 and April 22, 2021 respectively, and confirmed receipt of the demands in writing. *See Exhibit B attached.*

78. Defendants failed to return the stolen funds.

79.     Pursuant to § 771.11, Defendants are liable to Plaintiff for treble damages in the amount of $91,959.00, in addition to reimbursement to Plaintiff for her attorney's fees and costs.

**WHEREFORE**, Plaintiff NANCY DUNHAM, demands judgment against Defendants, VOLTAIRE MOTORS, LLC, AND WIDMAER VOLTAIRE, jointly and severally, for treble damages in the amount of $91,959.00 in addition to reasonable attorneys' fees and costs of suit, and any further relief this Court deems appropriate.

Respectfully submitted on June 8, 2021.

/s/ Kimberly Isner Monticello
KIMBERLY ISNER MONTICELLO
Florida Bar No.: 056069
Trial Counsel
Monticello Law Firm, PA.
2202 N. Westshore Blvd., Suite 200
Tampa, Florida 33607
Telephone: (813) 367-3677
Facsimile: (855) 767-5734
kim@monticellolawfirm.com
Attorney for Plaintiff, Nancy Dunham